UNITED STATES BANKRUPTCY COURT
District of New Jersey

| | | | |
|---|---|---|---|
| IN RE: | **Robert Alan Maizus**<br>**Beverly Rachel Porway** | CASE NO | **10-25494** |
| | | JUDGE | |
| | (Debtor) | CHAPTER | **13** |

### CHAPTER 13 PLAN AND MOTIONS - FIRST AMENDED

\_\_\_\_    Original          **X**    Modified/Notice Required          \_\_\_\_    Modified/No Notice Required

☒ Discharge Sought
☐ No Discharge Sought

Date:  **August 18, 2010**

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  It contains an important supplement to section 3 regarding secured claims, requiring supporting information concerning proofs of claim and setting forth disclosure and adjudication requirements for postpetition mortgage charges.  You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice.  **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

1. **PAYMENT AND LENGTH OF PLAN**

    a.  The Debtor shall pay  **879.00  Monthly**  to the Chapter 13 Trustee, starting on  **June 20, 2010**  for approximately **60** months.

    b.  The Debtor shall make plan payments to the Trustee from the following sources:

    **X**    Future Earnings

    **X**    Other sources of funding (describe source, amount and date when funds are available)
        **Litigation Proceeds.**

    \_\_\_\_    Sale or refinance of the following assets on or before

    c.  Adequate protection payments will be made in the amount of $\_\_\_\_ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to \_\_\_\_ (creditor).

    d.  Adequate protection payments will be made in the amount of $\_\_\_\_ to be paid directly by the Debtor(s) outside of the Plan, pre-confirmation to \_\_\_\_ [creditor].

2. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | **20,000.00** |
| **State of New Jersey** | **Taxes and certain other debts** | **900.00** |

3. **SECURED CLAIMS**

> **Please see the Supplement to this section containing information regarding secured claims. It is located at the end of the Plan.**

    a. **Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Green Tree** | **1st Mortgage arrears re: 11 Sherry Court, Wayne NJ 07470** | **22,613.33** | **5.00** | **24,066.74** | **5,310.00** |

    b. **Modification**

    1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **Bank of America** | **11 Sherry Court, Wayne NJ 07470** | **$35,000.00** | **$602,000.00** | **$665,600.00** | **$ 0** |  | **pro-rata** |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

    c. **Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **-NONE-** | | | |

    d. **Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| **-NONE-** |

    e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **-NONE-** | | |

4. **UNSECURED CLAIMS**

   a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

   \_\_\_\_ Not less than $\_\_\_\_ to be distributed *pro rata*

   \_\_\_\_ Not less than \_\_ percent

   **X** Pro rata distribution from any remaining funds

   b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **-NONE-** | | | |

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed:**

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **-NONE-** | | |

6. **MOTIONS**

> **NOTE:  All plans including motions must be served separately in accordance with D.N.J. LBR 3015-1.  Proof of Service of compliance with this requirement must be filed with the Clerk of the Court.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan, serves as opposition to the motion, and serves as an objection to confirmation .  The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a).  The creditor shall file a proof of service prior to the scheduled confirmation hearing.  In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion.  Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan.**

   a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**  The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

   b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.**  The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| **Bank of America** | 2nd Mortgage - 11 Sherry Court, Wayne NJ 07470 | **$49,780.00** |

   c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| **-NONE-** | | | |

7. **OTHER PLAN PROVISIONS**

   a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

   ____ Upon Confirmation

   **X** Upon Discharge

   b. **Payment Notices** Creditors and Lessors provided for in Sections 3, 5 or 6 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

   c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

   1) Trustee Commissions
   2) **Other Administrative Claims (with permission of the Court)**
   3) **Secured Claims**
   4) **Lease Arrearages**
   5) **Priority Claims**
   6) **General Unsecured Claims**

   d. **Post-petition claims** The Trustee is ☒, is not ☐ authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Date **August 18, 2010**     /s/ **Andy Winchell**
                              **Andy Winchell 025062009**
                              Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date **August 18, 2010**     Signature  /s/ **Robert Alan Maizus**
                                        **Robert Alan Maizus**
                                        Debtor

Date **August 18, 2010**     Signature  /s/ **Beverly Rachel Porway**
                                        **Beverly Rachel Porway**
                                        Joint Debtor

# SUPPLEMENT TO CHAPTER 13 PLAN & MOTIONS

## 3. SECURED CLAIMS.

**1. Proof of Claim, Supporting Information, Additional Statements**

    **(a) Itemized Statement of Interest Fees and Expenses.** If, in addition to its principal amount, a claim includes interest, fees, expenses or other charges incurred prior to the date of the petition, an itemization of the interest, fees, expenses, or charges shall be filed with the proof of claim. The claim may also include charges pursuant to D.N.J. LBR 2016-1(j)(3).

    **(b) Statement of Cure Amount.** If a security interest is claimed in property of the debtor, the proof of claim shall include a statement of the amount necessary to cure any default as of the date of the petition and any charges pursuant to D.N.J. LBR 2016-1(j)(3).

    **(c) Escrow Account.** If a security interest is claimed in property that is the debtor's principal residence and an escrow account has been established in connection with the claim, the proof of claim shall be accompanied by an escrow account statement prepared as of the date of the filing of the petition, in a form consistent with applicable nonbankruptcy law.

    **(d) Failure to Provide Supporting Information.** If the holder of a claim fails to provide the information required in subdivisions (a), (b) and (c) above, the holder is precluded from presenting that information, in any form, as evidence in any hearing or submission in this case, or otherwise, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, after notice and hearing, may award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**2. Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**

    **(a) Notice of Payment Changes.** If a claim provided for under the debtor's plan is secured by a security interest in the debtor's principal residence, the holder of such claim shall file and serve on the debtor, debtor's counsel, and the Trustee notice of any change in the payment amount, including changes that result from interest rate and escrow account adjustments, at least 30 days before a payment at a new amount is due. If a creditor has a claim that is secured by real property and is based on an open-ended credit agreement, such as a home equity line of credit (heloc) or other loan type that may have frequent interest or payment adjustments that makes compliance with the notice of payment change impracticable or burdensome, the secured creditor shall provide notice of the loan type with its proof of claim Upon filing of said notice the claimant's compliance with the notice of payment change requirements is vacated for the duration of the case.

    **(b) Form and Content.** The Local Form designated as *Notice of Payment Change* may be filed and served.

    **(c) Notice of Fees, Expenses and Charges.** If a claim provided for under the debtor's plan is secured by a security interest in the debtor's principal residence, the holder of such claim shall file and serve on the debtor, debtor's counsel, and the Trustee a notice containing an itemization of all fees, expenses, or charges, except charges approved and ordered by the court, incurred in connection with the claim after the filing of the bankruptcy case that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be filed and sent within 180 days after the date when such fees, expenses, or charges are incurred. On objection of the debtor or Trustee filed no later than 180 days after service of the notice given pursuant to this subdivision, after notice and hearing, the court shall determine whether such fees, expenses, or charges are required by the underlying agreement and applicable nonbankruptcy law for the curing of the default or the maintenance of payments in accordance with § 1322(b)(5) of the Code. The Local Form designated as *Notice of Fees, Expenses and Charges* shall be filed and served.

**(d) Response to Notice of Fees, Expenses and Charges.** If the debtor does not object to the Notice of Fees, Expenses and Charges, or if the debtor's objection is overruled, the debtor shall either 1) pay all post petition amounts included in the Notice of Fees, Expenses and Charges; 2) enter into an agreed order allowing the claim (to be paid by the Trustee); or 3) take no action and the amounts claimed shall be deemed allowed, but will not be paid by the Trustee nor be discharged upon closure or conversion of the case.

**(e) Application of Payments.** The holder of a claim secured by a security interest in the debtor's principal residence shall apply payments from the Trustee to arrears being cured and payments from the debtor to maintain post-petition monthly payments.

**(f) Notice of Final Cure Payment.** Within 45 days of making the final payment of any cure amount made on a claim secured by a security interest in the debtor's principal residence, the Trustee in a chapter 13 case shall file and serve upon the holder of the claim, the debtor, and debtor's counsel a notice stating that the amount required to cure the default and/or approved post petition payments due to be paid through the chapter 13 plan has been paid in full.

**(g) Response to Notice of Final Cure Payment.** Within 60 days of the date of the notice of final cure payment given pursuant to subdivision (f) above, the holder of a claim secured by a security interest in the debtor's principal residence shall file and serve a statement indicating (1) whether it agrees that the debtor has paid in full the amount required by the underlying agreement and applicable nonbankruptcy law for the curing of the default and (2) whether, consistent with § 1322(b)(5) of the Code the debtor is otherwise current on all payments. If applicable, the statement shall contain an itemization of any required cure or postpetition amounts that the holder contends remain unpaid in connection with the security interest as of the date of the statement.

**(h) Objection and Hearing.** On objection of the debtor or Trustee filed no later than 21 days after the date of the statement given pursuant to subdivision (g) above, after notice and hearing, the court shall determine if the debtor has cured the default and paid in full all postpetition amounts required by the underlying agreement and applicable nonbankruptcy law in connection with the security interest.

**(i) Order Deeming Mortgage Current.** If the holder of the secured claim fails to respond to the Trustee's Notice of Final Cure Payment given pursuant to subdivision (f) above, the debtor may submit and serve an order deeming the mortgage current. All parties served with such an order shall have 5 days to file and serve an objection. A hearing may be conducted on the objection in the Court's discretion.

**(j) Failure to Notify.** In addition to the relief accorded pursuant to subdivision (i) above, if the holder of a claim secured by a security interest in the debtor's principal residence fails to provide information required by subdivision (a), (c), or (g) above, the holder is precluded from presenting or relying on that information, in any form, as evidence in any hearing or submission in this case, or otherwise, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court after notice and hearing, may award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

*Revised.7/1/09.jml*

# CERTIFICATE OF NOTICE

```
District/off: 0312-2           User: cgingere              Page 1 of 2                   Date Rcvd: Aug 19, 2010
Case: 10-25494                 Form ID: pdf901             Total Noticed: 56


The following entities were noticed by first class mail on Aug 21, 2010.
db/jdb        +Robert Alan Maizus,   Beverly Rachel Porway,   11 Sherry Court,   Wayne, NJ 07470-1915
smg            U.S. Attorney,   970 Broad St.,   Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg           +United States Trustee,   Office of the United States Trustee,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
cr            +Ford Motor Credit Company, LLC,   P.O. Box 6275,   Dearborn, MI 48121-6275
510817471    ++AMERICREDIT,   PO BOX 183853,   ARLINGTON TX 76096-3853
              (address filed with court: AmeriCredit Financial Services, Inc,   PO BOX 183853,
               Arlington, TX 76096)
510804035    ++AMERICREDIT,   PO BOX 183853,   ARLINGTON TX 76096-3853
              (address filed with court: Americredit,   P.O. Box 78143,   Phoenix, AZ 85062)
510804034     +American Express,   c/o Becket and Lee LLP,   Po Box 3001,   Malvern, PA 19355-0701
510804042     +Bank Of America,   PO Box 85281,   Dallas, TX 75285-0001
510804039     +Bank Of America,   PO Box 15019,   Wilmington, DE 19886-5019
510804037     +Bank Of America,   PO Box 15023,   Wilmington, DE 19886-5023
510804041     +Bank Of America,   4161 Piedmont Parkway,   Greensboro, NC 27410-8119
510804040     +Bank Of America,   Attn: Bankruptcy NC4-105-03-14,   Po Box 26012,   Greensboro, NC 27420-6012
510804043     +Bank Of America,   1515 West 14th Street,   Tempe, AZ 85281-6910
510804038     +Bank of America,   P.O. Box 26078,   Greensboro, NC 27420-6078
510804044     +Bank of America Home Loans,   PO Box 5170,   Simi Valley, CA 93062-5170
510873208     +Bank of America, N.A.,   PO Box 26012,   NC4-105-03-14,   Greensboro, NC 27420-6012
510804045     +Bloomingdale's,   PO Box 183083,   Columbus, OH 43218-3083
511081134     +CANDICA L.L.C.,   C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,
               SEATTLE, WA 98121-3132
510804046     +Capital One,   PO Box 30281,   Salt Lake City, UT 84130-0281
510804048     +Central Credit Services Inc,   PO Box 15118,   Jacksonville, FL 32239-5118
510804049     +Charles Schwab,   Attn: Shane Looser,   2423 E. Lincoln Drive,   Phoenix, AZ 85016-1215
510804050      Chase Card Member Services,   PO Box 15153,   Wilmington, DE 19886-5153
510804051     +Chase- Bp,   Po Box 15298,   Wilmington, DE 19850-5298
510804052     +Chase/Amoco,   P.O. Box 15325,   Wilmington, DE 19886-5325
510846477     +Department Stores National Bank/Bloomingdales,   Nco Financial Systems, Inc.,   PO Box 4275,
               Norcross, GA 30091-4275
510846478     +Department Stores National Bank/Macys,   Nco Financial Systems, Inc.,   PO Box 4275,
               Norcross, GA 30091-4275
510804053     +Direct TV,   PO Box 11732,   Newark, NJ 07101-4732
510894512    ++FORD MOTOR CREDIT COMPANY,   PO BOX 6275,   DEARBORN MI 48121-6275
              (address filed with court: Ford Motor Credit Company LLC,   Dept 55953,   P O Box 55000,
               Detroit  MI  48255-0953)
510903544     +Fia Card Services, NA As Successor In Interest to,   Bank of America NA and Mbna America Bank,
               1000 Samoset Drive,   DE5-023-03-03,   Newark, DE 19713-6000
510804054     +Fidelity Investments,   100 Crosby Parkway,   Mail zone KC1F-C,   Latonia, KY 41015-4325
510804055     +Ford Motor Credit,   P.O. Box 54200,   Omaha, NE 68154-8000
510804057    +++GREENTREE SERVICING LLC,   BANKRUPTCY DEPARTMENT,   P O BOX 6154,   RAPID CITY SD 57709-6154
              (address filed with court: Green Tree,   PO Box 94710,   Palatine, IL 60094)
510804060     +HSBC/Best Buy,   P.O. Box 5244,   Carol Stream, IL 60197-5244
510804061     +HSBC/Neiman Marcus,   P.O. Box 4144,   Carol Stream, IL 60197-4144
510921085    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
               PHILADELPHIA PA 19114-0326
              (address filed with court: Department of Treasury - Internal Revenue Service,   PO Box 21126,
               Philadelphia, PA 19114)
510804062    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
               PHILADELPHIA PA 19114-0326
              (address filed with court: Internal Revenue Service,   300 N. Los Angeles St.,
               Los Angeles, CA 90012)
510804063     +Jackson Landscaping,   539 Riverside Drive,   Wayne, NJ 07470-7023
510804064     +Lord and Taylor,   P.O. Box 960035,   Orlando, FL 32896-0035
510804065     +Macy's,   PO Box 183083,   Columbus, OH 43218-3083
510804066     +Nissan Motor Acceptance Corp,   P.O. Box 371447,   Pittsburgh, PA 15250-7447
510823152     +Nissan-Infiniti LT,   PO Box 660366,   Dallas  TX 75266-0366
511005406     +PRA Receivables Management, LLC,   As Agent Of Portfolio Recovery Assocs.,   c/o Banana Republic,
               POB 41067,   Norfolk VA 23541-1067
510804068    ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,   PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,   Division of Taxation,   PO Box 281,
               Trenton, NJ 08695)
510804069     +Toyota Motor Credit/Lexus Financial,   PO Box 5236,   Carol Stream, IL 60197-5236
510826525     +Wells Fargo Financial New Jersey Inc,   4137 121st Street,   Urbandale IA 50323-2310
510804070     +Wffinancial,   800 Walnut St,   Des Moines, IA 50309-3504
511065383      eCAST Settlement Corporation,   POB 29262,   New York NY 10087-9262

The following entities were noticed by electronic transmission on Aug 19, 2010.
510804036     +E-mail/PDF: gecsedi@recoverycorp.com Aug 19 2010 23:57:28      Banana Republic,   P.O. Box 530942,
               Atlanta, GA 30353-0942
510804047     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 19 2010 23:54:12      Capital One, N.a.,
               C/O American Infosource,   Po Box 54529,   Oklahoma City, OK 73154-1529
510804058      E-mail/PDF: gecsedi@recoverycorp.com Aug 19 2010 23:57:28      Green Tree,
               345 Saint Peter Street,   Saint Paul, MN 55102
510881579      E-mail/Text: mercedese.d.lester@gtservicing.com                           Green Tree Servicing LLC,
               PO Box 6154,   Rapid City, SD 57709-6154
510804056     +E-mail/PDF: gecsedi@recoverycorp.com Aug 19 2010 23:57:28      Gemb/gap,   Po Box 981400,
               El Paso, TX 79998-1400
510804059     +E-mail/PDF: gecsedi@recoverycorp.com Aug 19 2010 23:57:29      Green Tree,   PO Box 6172,
               Rapid City, SD 57709-6172
```

```
District/off: 0312-2          User: cgingere              Page 2 of 2                   Date Rcvd: Aug 19, 2010
Case: 10-25494               Form ID: pdf901             Total Noticed: 56

The following entities were noticed by electronic transmission (continued)
510851219     +E-mail/Text: bnc@nordstrom.com                              NORDSTROM fsb,    POB 6566,
               ENGLEWOOD CO 80155-6566
510974602     +E-mail/Text: bknotice@ncmllc.com                            National Capital Management, LLC.,
               8245 Tournament Drive,    Suite 230,    Memphis, TN 38125-1741,    USA
510804067     +E-mail/Text: bnc@nordstrom.com                              Nordstrom FSB,
               Attention:   Bankruptcy Department,    Po Box 6555,    Englewood, CO 80155-6555
                                                                                                 TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
511065386*     eCAST Settlement Corporation,    POB 29262,    New York NY 10087-9262
                                                                                          TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 21, 2010**                          **Signature:** _Joseph Speetjens_